# OCTOBER TERM, 1914.

PEOPLE *v.* QUIDER.

CONSTITUTIONAL LAW — CRIMINAL LAW — INTEREST — PAWNBROK-
ERS—SEARCHES AND SEIZURES—TITLE—USURY.
> Act No. 105, Pub. Acts 1911 (2 How. Stat. [2d Ed.] § 2880
> *et seq.*), entitled "An act relative to the loaning of money
> and prescribing rates of interest, penalties and forfeitures
> for violations," etc., is unconstitutional, because it at-
> tempts to regulate the business of pawnbroking and pro-
> vides for the issuance of search warrants upon complaint,
> under oath, of any person, without being sufficiently en-
> titled to indicate the purpose to effect such object.

Exceptions before sentence from the recorder's court of the city of Detroit; Connolly, J. Submitted June 13, 1913. (Docket No. 131.) Decided October 15, 1914.

Gordon W. Quider was convicted of violating Act No. 105, Pub. Acts 1911, prohibiting usury. Reversed; respondent discharged.

*Grant Fellows,* Attorney General, and *Hugh Shepherd,* Prosecuting Attorney, and *Arthur W. Kilpatrick,* Assistant Prosecuting Attorney, for the people.

*Ormond F. Hunt,* for respondent.

BIRD, J. The respondent was convicted in the recorder's court in the city of Detroit for having violated the provisions of Act No. 105 of the Public Acts

of 1911 (2 How. Stat. [2d Ed.] § 2880 *et seq.*), in that he loaned money at a rate of interest in excess of 7 per cent., without having first applied for and obtained a license for carrying on such business, without having paid the license fee, and without having given an approved bond in conformity with said act.

The defense principally relied upon is that the law is unconstitutional. The grounds of attack are:

(1) The title of the act is defective in that the object of the law is not therein expressed.

(2) The act creates class legislation.

(3) The act is not a valid exercise of the police power of the State.

1. Section 21 of article 5 of the Michigan Constitution provides that:

"No law shall embrace more than one object, which shall be expressed in its title."

It is the claim of respondent that this provision of the Constitution has not been observed in the passage of the law under which respondent stands convicted. The title of the act reads:

"An act relative to the loaning of money and prescribing rates of interest, penalties and forfeitures for violations * * * of such act, and repealing acts numbers 334 and 337 of the Public Acts of 1907."

Under this title it would be competent for the legislature to enact legislation regulating the rate or rates of interest which might be lawfully charged for the use of money, and also to provide penalties for the violation of its provisions. It would be likewise permissible to gather beneath this title any matter or provision which was reasonably germane to the fixing of interest rates or of their enforcement. *People* v. *Mahaney*, 13 Mich. 494. But it would not be competent for the legislature to go beyond this and include provisions in the act which were not germane

and had no proper connection with the subject-matter recited in the title. *Ryerson* v. *Utley,* 16 Mich. 269. The act under consideration is composed of 20 sections, and is a full and complete regulation in detail of the business of pawnbrokers and loan agents. Some of the sections of the act are germane to the subject-matter found in its title, but others are not. Section 16 is illustrative of several sections of the act which have not even a "far-fetched" relation or connection with the title. Section 16 reads:

"Whenever complaint shall be made by any person on oath to any magistrate in any city authorized to issue warrants in criminal cases, that personal property belonging to such complainant has been without his consent taken or retained from his possession, and that he has good reason to believe and does believe that the same is pawned or pledged, and that the complainant believes the same to be in some pawnshop within such city, such magistrate, if he be satisfied that there is reasonable cause for such belief, shall issue a warrant to search for such property in the several pawnshops in said city, which warrant shall be directed to the sheriff of the county or any police officer of such city, demanding such officer to search the several pawnshops where the property for which he is required to search is believed to be concealed, which places and the property or thing to be searched for shall be designated and described in the warrant and to bring such property or other thing before the magistrate issuing the warrant. The court before whom any property so seized shall be brought shall cause the same to be delivered to the complainant on his issuing a bond as hereinafter provided, and if such bond be not executed within twenty-four hours, excluding Sundays, said court shall cause said property to be returned to the person from whose possession it was taken."

This section might not be out of place under a title regulating the business of pawnbrokers, but it appears to be very much out of place under the title to

this act.  What proper connection is there between the legal machinery for discovering and recovering stolen property and the fixing of interest rates and the enforcement of the same?  One reading this title would never suspect that he could find within the text provisions for recovering stolen property from pawnbrokers.  And, were the average man requested to read the law and give it a title, he would call it a regulation of the business of pawnbrokers.  As a slight proof of this assertion, the compiler and indexer of the Public Acts of 1911 indexed the act under the head of "Pawnbroking," and not under the head of "Interest."  It has been the policy of this court to give this constitutional provision a liberal construction, so as not to embarrass legislation, but we feel that even such a construction would not save this act from falling under the ban of the constitutional requirement.  The objection raised is not one merely of form; it goes to the substance of the act.  The act in its entirety is aimed at the regulation of the business of pawnbrokers and loan agents, and it repealed and supplanted two other acts which regulated the same business.  Acts Nos. 334 and 337, Public Acts of 1907.  Such regulation has been recognized as proper legislation in this State, but, before it can become effective legislation, some effort must be made in passing it to observe the constitutional procedure.  For the failure of the legislature to do this, the act must be declared void.  Having reached this conclusion, it will be unnecessary to consider the other reasons assigned.

The judgment of conviction is reversed and vacated, and the respondent discharged.

McAlvay, C. J., and Brooke, Stone, Ostrander, Moore, and Steere, JJ., concurred.  Kuhn, J., did not sit.